■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. BARILLA, Appellant. [734 NYS2d 517] —Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered January 4, 2001, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.

On November 9, 2000, defendant pleaded guilty to the crime of attempted assault in the second degree in exchange for a determinate jail sentence of one year. As a condition of accepting his guilty plea, County Court advised defendant that if he got "into any trouble" while on release awaiting sentencing, the court would not be bound by the agreed-upon sentence. On November 28, 2000, defendant was arrested and charged with four violations of the Vehicle and Traffic Law, including the crimes of aggravated unlicenced operation of a motor vehicle in the third degree and leaving the scene of a personal injury accident. Prior to sentencing on the attempted assault charge, defendant pleaded guilty to leaving the scene of an accident

with respect to the November 28, 2000 incident. As a result of this latter plea, County Court imposed an enhanced sentence of 1 to 3 years.

Defendant appeals, contending that his sentence should be reduced in the interest of justice. We disagree. Once defendant breached the conditional sentencing agreement, County Court was free to impose an enhanced sentence (*see, People v Outley*, 80 NY2d 702, 713; *People v Hicks*, 265 AD2d 600, 601). The court clearly advised defendant at the plea hearing that the original sentence commitment was conditional and that any breach of a condition would dissolve it (*see, People v Whittaker*, 257 AD2d 854, *lv denied* 93 NY2d 880). In light of defendant's breach, the violent nature of the crime and defendant's lengthy criminal record, we find that the enhanced sentence was appropriate (*see, People v Kennard*, 266 AD2d 718, *lv denied* 94 NY2d 864).

Mercure, J. P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.