■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEAN DAVIS, Appellant. [898 NYS2d 721]—

Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered February 5, 2009, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree, reckless endangerment in the first degree and criminal contempt in the first degree.

In satisfaction of a nine-count indictment, defendant pleaded guilty to attempted assault in the first degree, reckless endangerment in the first degree and criminal contempt in the first degree, and waived his right to appeal. Under the terms of the plea agreement, he was to be sentenced to 10 years in prison on the assault conviction, to be followed by five years of postrelease supervision, $3^1/2$ to 7 years in prison on the reckless endangerment conviction and 2 to 4 years in prison on the criminal contempt conviction, all to run concurrent to one another. Prior to the close of the plea proceedings, County Court warned defendant that, in the event he committed a crime prior to

sentencing, he would be subject to a sentence greater than 10 years. Thereafter, County Court sentenced defendant to the agreed-upon prison terms, but directed that they run consecutively, not concurrently, to one another. Defendant appeals.

Defendant asserts, among other things, that County Court improperly enhanced his sentence by imposing consecutive terms of imprisonment instead of concurrent ones. Preliminarily, we note that defendant is not precluded by his waiver of appeal from raising this challenge (*see People v McDermott*, 68 AD3d 1453, 1453 [2009]; *People v Nicholson*, 50 AD3d 1397, 1398 [2008], *lv denied* 11 NY3d 834 [2008]) and has preserved it by his objection during sentencing. The record reveals that the only condition imposed by County Court on defendant as part of the plea agreement—the violation of which would warrant enhancement of the sentence—was that defendant refrain from committing a crime prior to sentencing. There is no indication that defendant violated this condition. Consequently, County Court should have sentenced defendant to concurrent terms of imprisonment in accordance with the plea agreement (*see People v Hastings*, 24 AD3d 954, 955 [2005]; *People v Donnelly*, 23 AD3d 921, 922 [2005]). Inasmuch as it did not, the judgment must be modified accordingly. In view of our disposition, we need not address defendant's remaining claims.

Cardona, P.J., Mercure, Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by directing that defendant's sentences shall run concurrently, and, as so modified, affirmed.