■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN L. WHALEY, Appellant. [905 NYS2d 675]—

Appeal from a judgment of the County Court of Madison County (DiStefano, J.), rendered September 10, 2009, convicting defendant upon his plea of guilty of the crime of attempted rape in the second degree.

In June 2009, defendant was charged with rape in the second degree for allegedly engaging in sexual intercourse with the 14-year-old daughter of his girlfriend. Pursuant to a plea agreement, defendant elected to plead guilty to one count of attempted rape in the second degree in exchange for a prison sentence of two years, followed by five years of postrelease supervision. During the plea allocution, County Court told defendant that it would go along with the plea agreement on the

condition that he cooperate with the Probation Department and "stay out of trouble" between the time of plea and sentencing. The court further advised defendant that if he did those two things, it would sentence him pursuant to the plea agreement but, if not, it would not allow him to withdraw his guilty plea and would not be bound by the agreement. Prior to sentencing, defendant was charged with criminal contempt in the second degree for allegedly violating an order of protection that prohibited him from contacting the victim. Based upon this alleged violation, County Court conducted an *Outley* hearing (*see People v Outley*, 80 NY2d 702 [1993]), after which it found defendant to have violated the plea agreement, declined to impose the two-year agreed-upon sentence and, instead, imposed an enhanced sentence of four years in prison, followed by five years of postrelease supervision. Defendant appeals and we affirm.

We reject defendant's contention that County Court impermissibly enhanced his sentence inasmuch as the evidence established that he violated the order of protection on two separate occasions. The court's admonishment to stay out of trouble or it would not be bound by the plea agreement was appropriate and sufficient, particularly here, where defendant's behavior was directly related to the crime for which he was being sentenced (*see People v Bowman*, 34 AD3d 935, 936 [2006], *lv denied* 8 NY3d 844 [2007]; *People v Barilla*, 289 AD2d 876, 877 [2001]; *People v Coleman*, 266 AD2d 227 [1999], *lv denied* 94 NY2d 946 [2000]).

Cardona, P.J., Mercure, Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.