■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTON ABRAMS, Appellant. [904 NYS2d 822]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered May 14, 2009, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Following his arrest for burglarizing several college dorm rooms, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with a single count of burglary in the third degree. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the charged crime and waived his right to appeal, both on the record and in writing. He was thereafter sentenced as a second felony offender to a prison term of 3 to 6 years, prompting this appeal.

Initially, we are unpersuaded by defendant's contention that his waiver of the right to appeal was not valid. Contrary to his argument, the record demonstrates that defendant was properly and fully informed by County Court regarding the appeal waiver, including that it was "[s]eparate and apart" from the rights he forfeited by pleading guilty (*see People v First*, 62 AD3d 1043, 1045 [2009], *lv denied* 12 NY3d 915 [2009]). Notably, among other things, defendant signed the written waiver in open court and acknowledged his understanding of the legal consequences thereof, and counsel confirmed that he had reviewed it with defendant. In sum, our review of the plea colloquy confirms that defendant's waiver was knowing, intelligent and voluntary (*see People v Callahan*, 80 NY2d 273, 280 [1992]).

Next, defendant contends that his plea of guilty was not knowingly, voluntarily and intelligently entered, a claim that survives his waiver of appeal. However, this argument is not preserved for our review given defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Brennan*, 62 AD3d 1167, 1168 [2009], *lv denied* 13 NY3d 794 [2009]). Moreover, the narrow exception to the preservation rule is not applicable herein inasmuch as defendant did not make any statements during the plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (*see People v Jeske*, 55 AD3d 1057, 1058 [2008], *lv denied* 11 NY3d 898 [2008]).

Turning last to defendant's claim that County Court failed to comply with CPL 400.21 by not holding a hearing after he challenged his status as a second felony offender, we note that, inasmuch as this contention implicates the legality of his sentence, it is also not precluded by his waiver of the right to appeal (*see People v Ellis*, 53 AD3d 776, 777 [2008]). Nevertheless, we find defendant's argument lacking in merit. The record reflects that defendant admitted the prior conviction and acknowledged that he had been represented by counsel. Furthermore, rather than asserting that his prior conviction was unconstitutionally obtained, defendant specifically limited his challenge to a claim that the sentence he had received on the prior conviction was reportedly not correct. Accordingly, the court was not required to hold a hearing (*see People v Schnackenberg*, 269 AD2d 618, 619 [2000], *lv denied* 94 NY2d 925 [2000]; *People v Quattlebaum*, 229 AD2d 729, 729 [1996], *lv denied* 90 NY2d 896 [1997]).

Peters, Spain, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.