■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUISEPPE CIANFARANI, Appellant. [916 NYS2d 650]—

Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered November 17, 2009, convicting defendant upon his plea of guilty of the crime of attempted robbery in the second degree.

In satisfaction of a six-count indictment, defendant pleaded guilty to attempted robbery in the second degree and waived his right to appeal. Under the terms of the plea agreement, County Court did not make any promises with respect to sentencing, but advised defendant that he could be sentenced to as little as probation or as much as seven years in prison. County Court subsequently sentenced defendant to three years in prison, to be followed by three years of postrelease supervision. Defendant now appeals.

Defendant contends that the sentence imposed by County Court was harsh and excessive. Because we find that County Court did not adequately distinguish defendant's waiver of appeal from those rights he was automatically forfeiting by his guilty plea, we conclude that his waiver of appeal was not valid and does not preclude his challenge to the severity of the sentence (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Cain, 29 AD3d 1157, 1157 [2006]). Although this was defendant's first criminal offense, the circumstances giving rise to it were quite serious. Defendant entered a convenience store and displayed an imitation weapon to a store clerk in order to forcibly obtain money to fuel his drug addiction. After leaving the store with cash, defendant led police officers on a vehicle chase through several jurisdictions during which he was involved in a collision with another motorist and was finally apprehended after a foot pursuit. In view of this, and given that defendant received a lesser sentence than he could have received under the plea agreement or if convicted after trial, we do not find the existence of extraordinary circumstances or any abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Gillespie, 19 AD3d 878 [2005]). Furthermore, defendant has failed to preserve his claim that the order in which the parties' statements were made during sentencing violated CPL 380.50 (1) inasmuch as he failed to object at that time when it could have been easily remedied (see People v Green, 54 NY2d 878, 879 [1981]; People v Wallace, 29 AD3d 1085 [2006], lv denied 7 NY3d 796 [2006]).

Cardona, P.J., Spain, Rose, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.