(February 10, 2011)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD SMITH, Appellant. [916 NYS2d 293]—

Malone Jr., J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered June 12, 2008, convicting defendant upon his plea of guilty of the crime of robbery in the second degree.

---

In satisfaction of a four-count indictment alleging that he took money from a restaurant at knifepoint, defendant pleaded guilty to robbery in the second degree and waived his right to appeal. A second violent felony offender, defendant received the agreed-upon sentence of 12 years in prison to be followed by postrelease supervision of five years. Upon his appeal, we affirm.

Initially, we find that defendant's oral appeal waiver was valid. County Court "disclosed the separate and distinct right that was being waived and addressed it separately from those rights being forfeited by defendant's guilty plea," after which defendant conferred with counsel and expressed his understanding of that right (*People v Tabbott*, 61 AD3d 1183, 1184 [2009], *lv denied* 13 NY3d 750 [2009]; *see People v Lopez*, 6 NY3d 248, 257 [2006]; *People v Nason*, 31 AD3d 818, 819 [2006], *lv denied* 7 NY3d 869 [2006]).

Next, defendant's challenge to the voluntariness of his plea survives that waiver, but is unpreserved due to his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Naumowicz*, 76 AD3d 747, 748 [2010]; *People v Abrams*, 75 AD3d 927, 928 [2010], *lv denied* 15 NY3d 918 [2010]). Moreover, the narrow exception to the preservation requirement is not implicated here, as defendant made no statements during his allocution that were inconsistent with his guilt or called into question the voluntariness of his plea (*see People v Abrams*, 75 AD3d at 928). Indeed, defendant's claims that he was coerced into pleading guilty or was confused by the terms of the plea agreement are belied by the record (*see People v Singh*, 73 AD3d 1384, 1385 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Buskey*, 62 AD3d 1164, 1165 [2009]).

Defendant's appeal waiver precludes his contention that he received the ineffective assistance of counsel except insofar as such implicates the voluntariness of his plea and, in that regard, his failure to move to withdraw his plea or vacate the judgment of conviction leaves the issue unpreserved for our review (*see People v Whitehead*, 73 AD3d 1340, 1341 [2010], *lv denied* 15 NY3d 779 [2010]; *People v Sterling*, 57 AD3d 1110, 1112-1113 [2008], *lv denied* 12 NY3d 788 [2009]). His appeal waiver further precludes his claim that the sentence imposed was harsh and excessive (*see People v Lopez*, 6 NY3d at 255; *People v Whitehead*, 73 AD3d at 1341).

Cardona, P.J., Mercure, Spain and Stein, JJ., concur. Ordered that the judgment is affirmed.