■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT H. WICKS, Appellant. [920 NYS2d 488]—

Malone Jr., J. Appeal from a judgment of the County Court of Warren County (Hall, Jr., J.), rendered February 4, 2010, convicting defendant upon his plea of guilty of the crime of driving while intoxicated.

Defendant waived indictment and agreed to be prosecuted by a superior court information, charging him with driving while intoxicated. Defendant pleaded guilty as charged and waived his right to appeal. Pursuant to the plea agreement, defendant agreed to successfully complete a one-year period of interim probation. During the period of interim probation, defendant was required to complete a rehabilitation program and participate in the Warren County Treatment Court. If successful, it was understood that, at the conclusion of the one-year probation period, defendant would be sentenced to five years of probation. It was further understood that if defendant failed to successfully complete the required programs, he would be subject to a prison sentence of $2^1/_3$ to 7 years. Defendant executed a written consent to these conditions during the plea proceedings. After defendant was discharged from his rehabilitation program for noncompliance and theft of services, he was found in violation of the terms of the agreement and County Court imposed a sentence of 2 to 6 years in prison. Defendant now appeals and we affirm.

Contrary to defendant's contention, we conclude that he voluntarily, knowingly and intelligently waived his right to appeal. The record reveals that County Court distinguished the right to appeal from the rights that he was forfeiting by his guilty plea. Defendant thereafter signed a written waiver in open court which acknowledged that counsel had explained its consequences to him and that he was waiving the right voluntarily. Accordingly, defendant validly waived his right to appeal (see People v Abrams, 75 AD3d 927, 927 [2010], lv denied 15 NY3d 918 [2010]; People v Thomas, 71 AD3d 1231, 1231-1232 [2010], lv denied 14 NY3d 893 [2010]).

Although defendant's contention that his plea was not voluntarily entered survives his appeal waiver, it is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (see People v Davis, 74 AD3d 1490, 1490 [2010], lv denied 15 NY3d 850 [2010]; People v Singh, 73 AD3d 1384, 1384-1385 [2010], lv denied 15 NY3d 809 [2010]). Moreover, defendant did not make any statements during the plea allocution that tended to negate an essential element of the crime or cast doubt upon his guilt, mak-

ing the narrow exception to the preservation rule inapplicable (*see People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Bridge*, 71 AD3d 1197, 1198 [2010]).

Defendant also contends that counsel's failure to make a suppression motion deprived him of the effective assistance of counsel. To the extent that he claims that this failure affected the voluntariness of his plea, such contention survives his waiver of the right to appeal, but is precluded from our review by his failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Belle*, 74 AD3d 1477, 1480 [2010], *lv denied* 15 NY3d 918 [2010]; *People v De Berardinis*, 304 AD2d 914, 915 [2003], *lv denied* 100 NY2d 580 [2003]). In any event, such failure does not, on its own, establish ineffective assistance of counsel (*see People v De Berardinis*, 304 AD2d at 915; *People v Clifford*, 295 AD2d 697, 698 [2002], *lv denied* 98 NY2d 709 [2002]). Finally, defendant's waiver of the right to appeal precludes his claim that his sentence was harsh and excessive (*see People v Board*, 75 AD3d 833, 834 [2010]).

Peters, J.P., Rose, Lahtinen and Garry, JJ., concur. Ordered that the judgment is affirmed.