■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRANDON M. SECORE, Appellant. [958 NYS2d 538]—

McCarthy, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered February 24, 2011, convicting defendant upon his plea of guilty of the crime of forgery in the second degree.

In 2009, defendant was charged with the crimes of forgery in the second degree, grand larceny in the fourth degree and identity theft in the second degree as a result of his unlawful use of a public assistance benefit card belonging to his estranged girlfriend. At the time, he was serving a term of probation upon his conviction of grand larceny in the fourth degree. In connection with the 2009 crimes, defendant waived indictment and agreed to be prosecuted by a superior court information charging him with only forgery in the second degree.

Thereafter, defendant entered into a negotiated agreement regarding the disposition of both the forgery charge and the violation of probation. Under its terms, he would be received into the judicial diversion program (hereinafter JDP) (*see* CPL art 216) in lieu of being sentenced to prison and, in exchange, would plead guilty to the forgery charge as well as the violation of probation, waive his right to appeal and pay restitution. However, if he did not successfully complete the JDP, he would be sentenced to a term of imprisonment that could be as much as four years on the violation of probation and seven years on the forgery charge, which terms could run consecutively. Defendant proceeded to enter his plea of guilty, admit to the probation violations and waive his right to appeal. In addition, he also executed a JDP contract that, among other things, set forth

the conditions of his participation in a drug and alcohol treatment program. Pursuant to this contract, if defendant successfully completed the JDP, he would receive five years of probation on the forgery conviction and probation would be continued on the grand larceny conviction, with the potential of one year of credit for the completion of interim probation.

Defendant participated in the JDP for approximately 11 months with varying degrees of success, but was ultimately terminated for, among other things, lying to the court about his employment. He waived his right to a hearing and admitted to the violations of the JDP contract. Thereafter, his probation was revoked and he was resentenced to 1¹/₃ to 4 years in prison on the grand larceny conviction. In addition, he was ordered to pay restitution. With respect to the forgery conviction, defendant was sentenced to 2¹/₂ to 5 years in prison, to run consecutively to the grand larceny conviction. Defendant now appeals from the forgery conviction.

Defendant contends that his guilty plea was not voluntary and that his termination from the JDP was an abuse of discretion. As an initial matter, we do not find that these claims are precluded by defendant's waiver of the right to appeal. The waiver was invalid inasmuch as the record does not disclose that defendant understood that this right was separate and distinct from the other rights he forfeited by pleading guilty (*see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Cianfarani*, 81 AD3d 998, 999 [2011]; *People v Mosher*, 79 AD3d 1272, 1273 [2010], *lv denied* 16 NY3d 834 [2011]). Nevertheless, his challenge to the voluntariness of his guilty plea is not preserved for our review as the record fails to indicate that he moved to withdraw the plea or vacate the judgment of conviction (*see People v Wicks*, 83 AD3d 1223, 1224 [2011], *lv denied* 17 NY3d 810 [2011]; *People v Naumowicz*, 76 AD3d 747, 748 [2010]; *People v Abrams*, 75 AD3d 927, 928 [2010], *lv denied* 15 NY3d 918 [2010]). The narrow exception to the preservation requirement is not applicable inasmuch as defendant did not make any statements inconsistent with his guilt or that call into question the voluntariness of his plea (*see People v Wicks*, 83 AD3d at 1224; *People v Abrams*, 75 AD3d at 928). As for defendant's termination from the JDP, we do not find that this was an abuse of discretion (*see People v Dawley*, 96 AD3d 1108, 1109 [2012], *lv denied* 19 NY3d 1025 [2012]). Defendant has a history of serious substance abuse problems, experienced numerous difficulties complying with the terms of the JDP contract over the 11-month period and freely admitted to violating its terms. Under these circumstances, we find no reason to disturb the judgment of conviction.

Mercure, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.