■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON W. GILBERT, Appellant. [963 NYS2d 779]—

McCarthy, J. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 18, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

In satisfaction of two pending indictments and other charges, defendant pleaded guilty to one count of burglary in the second degree and waived his right to appeal. In exchange, County Court agreed to sentence him to interim probation and reduce his conviction to attempted burglary in the second degree and place him on probation, if he successfully completed a drug treatment program; if unsuccessful in treatment, the court would impose a prison term for the burglary conviction. Prior to sentencing, defendant was terminated from several treatment programs. County Court sentenced him to six years in prison, followed by five years of postrelease supervision. Defendant appeals.

Initially, the waiver of appeal "was invalid inasmuch as the record does not disclose that defendant understood that this right was separate and distinct from the other rights he forfeited by pleading guilty" (*People v Secore*, 102 AD3d 1059, 1060 [2013]; *see People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Cianfarani*, 81 AD3d 998, 999 [2011]). Regardless of the invalidity of the waiver, as defendant abandoned his objection during sentencing and never moved to withdraw his plea or vacate the judgment of conviction, he did not preserve his argument concerning the enhancement of his sentence (*see People v De-Palma*, 99 AD3d 1116, 1117 [2012], *lv denied* 20 NY3d 1010 [2013]; *People v Haynes*, 14 AD3d 789, 790-791 [2005], *lv denied*

4 NY3d 831 [2005]; *compare People v Davis*, 72 AD3d 1292, 1293 [2010]). Considering defendant's multiple crimes, as well as his inability to follow the rules to successfully complete treatment, County Court did not abuse its discretion in imposing sentence and no extraordinary circumstances exist to warrant disturbing the sentence (*see People v Bean*, 102 AD3d 1062, 1063 [2013]; *People v Brown*, 96 AD3d 1236, 1237 [2012]).

Mercure, J.P., Spain and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.