■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. STRAIGHT, Appellant. [964 NYS2d 755]—

Peters, P.J. Appeal from a judgment of the County Court of Chenango County (Sullivan, J.), rendered February 25, 2011, convicting defendant upon his plea of guilty of the crime of burglary in the third degree.

Defendant was charged with burglary in the third degree, criminal possession of stolen property in the third degree, grand larceny in the third degree and petit larceny stemming from allegations that he unlawfully entered and stole property from a convenience store in the Town of Norwich, Chenango County. After County Court denied his motion to dismiss the indictment on the ground that the People failed to provide reasonable notice of the grand jury proceeding, defendant pleaded guilty to burglary in the third degree in full satisfaction of the indict-

ment. Under the terms of the plea agreement, he was to receive a prison sentence of $2^{1}/_{2}$ to 5 years, to run concurrently with a prison sentence of $1^{1}/_{2}$ to 3 years to be imposed on an unrelated charge,[1] waive his right to appeal and pay restitution in the amount of $1,501.96. During the plea proceeding, County Court granted defendant's request for a one-week furlough prior to sentencing, cautioning him that if he did "anything . . . inappropriate in terms of violating the law" during that time, his sentence could be enhanced. Defendant was thereafter arrested and charged with burglary in the third degree, a crime to which he confessed. As a result, County Court imposed an enhanced sentence of $3^{1}/_{2}$ to 7 years in prison to run consecutively with a prison term of 2 to 4 years on the unrelated charge.[2] Defendant now appeals.

By pleading guilty, defendant forfeited his claim that his right to testify before the grand jury was violated (see People v Johnson, 97 AD3d 990, 991 [2012]; People v Dennis, 39 AD3d 1028, 1029 [2007]; People v Steed, 17 AD3d 928, 929 [2005], lv denied 5 NY3d 770 [2005]; People v Kelone, 292 AD2d 640, 641 [2002], lv denied 98 NY2d 677 [2002]). Defendant's claim of ineffective assistance of counsel also fails to survive his guilty plea, as he does not allege nor does the record reveal that his plea was impacted in any way by counsel's allegedly deficient performance (see People v Parilla, 8 NY3d 654, 660 [2007]; People v Petgen, 55 NY2d 529, 534-535 [1982]; People v Heier, 73 AD3d 1392, 1393 [2010], lv denied 15 NY3d 805 [2010]).

Defendant's contention that County Court impermissibly enhanced his sentence, which was preserved by his objection at sentencing (see People v Davis, 72 AD3d 1292, 1293 [2010]; see generally People v DePalma, 99 AD3d 1116, 1117 [2012], lv denied 20 NY3d 1010 [2013]), is lacking in merit. "An agreed-upon sentence may be enhanced if it is appropriately established that the defendant has violated the conditions of the plea agreement" (People v Davis, 30 AD3d 893, 894 [2006], lv denied 7 NY3d 847 [2006] [citations omitted]; accord People v Bove, 64 AD3d 812, 812-813 [2009], lv denied 13 NY3d 858 [2009]; see People v McDermott, 68 AD3d 1453, 1453 [2009]). Here, despite defendant's assertions to the contrary, County Court's admonishment during the plea proceeding was neither vague nor

---

1. Defendant entered this guilty plea simultaneously with his plea of guilty to the unrelated charge, and is appealing from the judgment convicting him of such unrelated charge in a separate appeal before this Court (People v Straight, 106 AD3d 1192 [2013] [decided herewith]).

2. In light of County Court's imposition of the enhanced sentence, defendant was no longer required to waive his right to appeal.

unclear. While the court advised defendant of certain specific conditions of his release related to the consumption and possession of alcohol and drugs, it also explicitly warned him that he could be subject to an enhanced sentence if he did anything that violates the law (*see People v Whaley*, 74 AD3d 1641, 1642 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Ayen*, 55 AD3d 1305, 1306 [2008]; *People v Barilla*, 289 AD2d 876, 877 [2001]). Furthermore, when he appeared for sentencing, defendant did not deny that he had committed the new offense, and the felony complaint, police report and defendant's written confession provided County Court with adequate assurance that there was a legitimate basis for defendant's arrest and sufficiently established that he had violated the law (*see People v Valencia*, 3 NY3d 714, 715-716 [2004]; *People v Hunter*, 98 AD3d 1189, 1190 [2012], *lv denied* 20 NY3d 1012 [2013]; *People v Delgado*, 45 AD3d 496, 496 [2007], *lv denied sub nom., People v Dewindt*, 9 NY3d 1032 [2008]; *People v Davis*, 30 AD3d at 895). Thus, County Court's imposition of an enhanced sentence was appropriate.

Rose, Stein and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.