Appeal from a judgment of the County Court of Broome County (Pelella, J.), rendered January 20, 2012, convicting defendant upon his plea of guilty of the crime of grand larceny in the third degree.
Defendant waived indictment and agreed to be prosecuted by a superior court information charging him with grand larceny in the third degree. At that time, defendant entered into a plea agreement whereupon he pleaded guilty to the above charge with his sentencing deferred pending his participation in the Binghamton Adult Drug Treatment Court program. The agreement provided that defendant was waiving his right to appeal the conviction and sentence and, if defendant successfully completed the drug court program, he would be sentenced to *1161 five years of probation. It was also agreed that, if defendant breached the plea agreement, County Court would determine “the appropriate sentence,” with the understanding that the maximum permissible sentence was 21/s to 7 years in prison. Defendant executed a written consent to these conditions during the plea proceedings. Thereafter, defendant was terminated from his drug treatment program and the court, among other things, imposed a sentence of 2 to 6 years in prison, prompting this appeal.
Appellate counsel seeks to be relieved of her assignment of representing defendant upon the ground that there are no nonfrivolous issues to be raised on appeal. Based upon our review of the record, we disagree. We discern at least one issue of arguable merit related to the validity of the waiver of the right to appeal which may affect other potential appellate issues (see People v Secore, 102 AD3d 1059, 1060 [2013]). Accordingly, without passing judgment upon the ultimate merit of this issue, we grant counsel’s application and assign new counsel to address this issue and any others that the record may disclose (see People v Stokes, 95 NY2d 633 [2001]; People v Cruwys, 113 AD2d 979 [1985], lv denied 67 NY2d 650 [1986]).
Lahtinen, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the decision is withheld, application to be relieved of assignment granted and new counsel to be assigned.