*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 13, 2014                    106002
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

            v                                MEMORANDUM AND ORDER

KEVIN M. HANDLY,
                    Appellant.
_____

Calendar Date:   September 16, 2014

Before:  Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ.

_____

        Dean C. Schneller, Plattsburgh, for appellant.

        Derek P. Champagne, District Attorney, Malone (Glenn
MacNeill of counsel), for respondent.

_____

        Appeal from a judgment of the County Court of Franklin
County (Main Jr., J.), rendered May 13, 2013, which revoked
defendant's probation and imposed a sentence of imprisonment.

        In 2010, defendant was convicted upon his guilty plea of
two counts of criminal sale of a controlled substance in the
third degree in satisfaction of a four-count indictment stemming
from his sale of crack cocaine on two occasions.  He was
sentenced to concurrent terms of five years of probation, the
first 18 months to be served in jail.  In March 2013, a violation
of probation petition was filed alleging that he had violated
conditions of his probation.  At the hearing, defendant admitted
violating several conditions of probation and agreed to waive his
right to appeal in exchange for promised concurrent sentences of
no more than six years, with postrelease supervision of between

one and two years.[1]  County Court thereafter revoked defendant's probation and sentenced him to concurrent prison terms of five years, with two years of postrelease supervision.  Defendant appeals.

We affirm.  Defendant's challenge to his sentence as harsh and excessive is precluded by his valid appeal waiver, which he does not challenge as other than knowing, voluntary and intelligent (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Young, 112 AD3d 1068, 1068-1069 [2013], lv denied 22 NY3d 1204 [2014]; People v Ryan, 38 AD3d 1055, 1055-1056 [2007]).  Defendant's only contention regarding the oral appeal waiver is that it is not valid because he did not also sign a written appeal waiver.  This is incorrect, as an oral appeal waiver may, if adequate, suffice (see People v Lopez, 6 NY3d at 257; People v Hidalgo, 91 NY2d 733 [1998]; People v Shurock, 83 AD3d 1342, 1342-1343 [2011]; People v Smith, 81 AD3d 1034, 1035 [2011], lv denied 16 NY3d 899 [2011]; People v Mattison, 74 AD3d 1495, 1495-1496 [2010], lv denied 15 NY3d 922 [2010]).  The record reflects that, during the allocution to the violation of probation, County Court explained the nature of the right to appeal, ascertained that defendant had discussed the appeal waiver with counsel and permitted counsel a brief break to discuss it further; counsel represented that he had discussed it with defendant and that he understood it, and defendant agreed to waive his right to appeal.  Given the valid appeal waiver, and that the court abided by its sentencing promise, defendant has relinquished the right to challenge that sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256).

_____

[1]  Specifically, defendant admitted having recently used marihuana, falsely representing during a urine drug screen that he did not possess "clean" (or counterfeit) urine when he did possess same, and that his self-employment did not constitute the verifiable full-time employment required by the terms of his probation.

Lahtinen, J.P., Stein, Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court