*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 30, 2015                    106266
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

WILLIAM WALKER,
                        Appellant.
_____

Calendar Date:   March 26, 2015

Before:  Peters, P.J., Lahtinen, Rose and Devine, JJ.

_____

        Theodore J. Stein, Woodstock, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Danielle
Scarduzio of counsel), for respondent.

_____

Rose, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered August 22, 2013, which resentenced
defendant upon his plea of guilty of the crime of possessing a
sexual performance by a child.

        Defendant was convicted upon his guilty plea of possessing
a sexual performance by a child and, at the time of the plea,
County Court (Bruhn, J.) admonished defendant that it would not
be bound by the sentencing agreement if he "commit[ted] any new
crimes" or was "arrested again for any reason."  He allegedly
violated the admonishments and received an enhanced sentence of
1⅓ to 4 years in prison.  Upon appeal, we vacated the sentence
and remitted the matter so that County Court could conduct an
inquiry into the scope of the admonishments "and whether

defendant was entitled to a hearing to establish any violation of" them (101 AD3d 1350, 1351 [2012]).  County Court (Williams, J.) conducted a hearing and determined that defendant had indeed violated the admonishments.  As such, the court resentenced defendant to a prison term of 1⅓ to 4 years.  Defendant now appeals.

We affirm.  Inasmuch as defendant has served the enhanced sentence in full, his contention that County Court improperly imposed it is academic (see People v Nicholson, 31 AD3d 468, 469 [2006], lv denied 7 NY3d 850 [2006]).  In any event, our review of the hearing transcript reveals that County Court complied with the mandates set out in People v Outley (80 NY2d 702, 713 [1993]), and we find no basis to disturb the determination that defendant violated the admonishments.  Defendant further asserts that the admonishments were not a proper part of his guilty plea.  That argument, to the extent that it may properly be advanced upon this appeal from a resentence (cf. CPL 450.30), is unpreserved because defendant failed to advance it before County Court (see People v Radek, 202 AD2d 847, 848-849 [1994], lv denied 83 NY2d 914 [1994]).

Peters, P.J., Lahtinen and Devine, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court