People v Turner (2018 NY Slip Op 00862)





People v Turner


2018 NY Slip Op 00862


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

107752

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DAQUAN TURNER, Appellant.

Calendar Date: January 10, 2018

Before: McCarthy, J.P., Devine, Aarons, Rumsey and Pritzker, JJ.


George J. Hoffman Jr., Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Pritzker, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 10, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a forged instrument in the first degree.
On January 14, 2015, in satisfaction of a multicount indictment, defendant pleaded guilty to the reduced charge of attempted criminal possession of a forged instrument in the first degree and executed a waiver of appeal in open court. Under the terms of the plea agreement, defendant was to be sentenced to 1 to 3 years in prison. In addition, County Court admonished defendant that it would not be bound by the sentencing commitment if he did anything between the time of his plea and sentencing that, among other things "violate[d] the law"; if he did, he
could receive an enhanced sentence of 2&frac13; to 7 years in prison. At sentencing, the People requested an enhancement hearing based upon defendant's postplea arrest for assaulting a police officer. Following an Outley hearing (see People v Outley, 80 NY2d 702, 713 [1993]), the court determined that defendant had violated a condition of his plea agreement and that it was no longer bound to the promised sentence and imposed a prison term of 2&frac13; to 7 years. Defendant now appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. The record demonstrates that defendant was advised that an appeal waiver was a condition of the plea agreement (see People v Bateman, 151 AD3d 1482, 1483 [2017]; People v Belile, 137 AD3d 1460, 1461 [2016]), and, during the plea colloquy, County Court [*2]distinguished the right to appeal from the trial-related rights automatically forfeited by a guilty plea (see People v Lopez, 6 NY3d 248, 256-257 [2006]; People v Rushlow, 137 AD3d 1482, 1483 [2016]). Defendant acknowledged his understanding of the consequences of the appeal waiver and, in open court, executed a written appeal waiver, which defendant reviewed with his counsel. Under these circumstances, we find that defendant's combined oral and written waiver of the right to appeal was knowing, intelligent and voluntary (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Adams, 153 AD3d 1449, 1450 [2017]; People v Hopper, 153 AD3d 1045, 1046 [2017], lv denied ___ NY3d ___ [Dec. 11, 2017]). Thus, defendant's challenge to his enhanced sentence as harsh and excessive is precluded by the valid appeal waiver inasmuch as County Court advised him of the conditions of the plea and the consequences for violating those conditions (see People v Adams, 153 AD3d at 1451; People v Gilbert, 145 AD3d 1196, 1197 [2016], lvs denied 28 NY3d 1184, 1187 [2017]).
Defendant contends that County Court abused its discretion in imposing an enhanced sentence because the record does not reflect that he violated the condition of his postplea release requiring him to refrain from violating the law. Preliminarily, defendant is not precluded by his valid appeal waiver from raising this claim (see People v Rushlow, 137 AD3d at 1483; People v Tole, 119 AD3d 982, 984 [2014]), and he has preserved it by his objection during sentencing (see People v Straight, 106 AD3d 1190, 1191 [2013]; People v Davis, 72 AD3d 1292, 1293 [2010]). "To allow County Court to impose a sentence other than the one agreed upon as part of the plea bargain, the People were required to show by a preponderance of the evidence that defendant violated the law" (People v Clough, 306 AD2d 556, 557 [2003] [citation omitted], lv denied 100 NY2d 593 [2003]; see People v Criscitello, 123 AD3d 1235, 1237 [2014]). Where, as here, defendant calls into question the validity of a postplea arrest, or involvement in the underlying crime, "the court must conduct an inquiry at which the defendant has an opportunity to show that the arrest is without foundation" (People v Outley, 80 NY2d at 713; see People v Driscoll, 131 AD3d 766, 766-767 [2015], lv denied 27 NY3d 996 [2016]).
At the Outley hearing, the People produced the testimony of the police officer involved in the alleged altercation with defendant, who testified that, on January 31, 2015, he responded to the scene of a domestic assault whereupon he observed defendant, who matched the description of the suspect. The officer attempted to detain defendant, and, following a pursuit, defendant resisted such efforts by throwing the officer's radio, striking the right side of the officer's face and attempting to "gouge" the officer's eyes. As a result of the incident, the officer sustained a cut underneath his eye. In view of the foregoing, and inasmuch as defendant and counsel were given an opportunity to refute the officer's testimony as well as the People's allegations, we find that the inquiry was of sufficient depth so as to assure County Court that there was a legitimate basis for defendant's arrest and to find by a preponderance of the evidence that defendant had violated the law (see People v Walker, 127 AD3d 1506, 1506 [2015]; People v Perkins, 125 AD3d 1045, 1047 [2015]; People v Straight, 106 AD3d at 1192). Accordingly, after reviewing the record before us, we find no reason to disturb County Court's determination that defendant violated a condition of his release and imposition of an enhanced sentence.
McCarthy, J.P., Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.