People v Mazula (2018 NY Slip Op 01503)





People v Mazula


2018 NY Slip Op 01503


Decided on March 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 8, 2018

107629

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MATTHEW MAZULA, Appellant.

Calendar Date: January 8, 2018

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Rumsey, JJ.


Martin J. McGuinness, Saratoga Springs, for appellant.
J. Anthony Jordan, District Attorney, Fort Edward (Joseph A. Frandino of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Washington County (Hall Jr., J.), rendered May 30, 2014, convicting defendant upon his plea of guilty of the crime of rape in the second degree.
Defendant was indicted on charges of rape in the second degree and endangering the welfare of a child. In satisfaction of that indictment, he pleaded guilty to rape in the second degree as a part of a plea agreement pursuant to which he would receive a six-month jail sentence to be followed by 10 years of probation, and he also executed an appeal waiver. County Court apprised defendant that, if he was arrested or failed to appear at sentencing, it could impose an enhanced sentence consisting of a prison term of up to seven years, with five years of
postrelease supervision, and defendant confirmed that he understood these conditions. At a subsequent hearing, the People provided the court with evidence indicating that, after his plea, defendant had been arrested and charged with, among other things, criminal possession of a forged instrument, and the court informed defendant of his right to an Outley hearing. Defendant's subsequent motion to withdraw his plea on the grounds that his cognitive abilities were impaired when he entered his plea and, therefore, that he did not understand the ramifications of the guilty plea was denied. Eventually, defendant and the People reached an agreement pursuant to which he would forgo an Outley hearing and admit that his postplea arrest was valid in exchange for a prison sentence of two years to be followed by 10 years of postrelease supervision, and defendant thereafter admitted to the court that the arrest was valid. Subsequently, the court sentenced defendant to a prison term of two years to be followed by 10 [*2]years of postrelease supervision. Defendant now appeals.
Initially, when defendant moved to withdraw his guilty plea, he failed to challenge the adequacy of County Court's explanation of the enhanced sentence that it could impose in the event that he was subsequently arrested. Therefore, this issue is unpreserved for our review (see People v Gilbert, 106 AD3d 1133, 1133 [2013]; People v DePalma, 99 AD3d 1116, 1117 [2012], lv denied 20 NY3d 1010 [2013]). Contrary to defendant's contention, we find that corrective action in the interest of justice is unwarranted (see e.g. People v Long, 117 AD3d 1326, 1327 [2014], lv denied 24 NY3d 1003 [2014]). In that regard, although defendant correctly contends that the court initially misinformed him that he could receive an enhanced sentence that could include a period of postrelease supervision as long as five years when, in fact, the law permitted the imposition of a 10-year period of postrelease supervision (see Penal Law §§ 70.45 [2-a] [a]; 70.80 [1] [a]; 130.30 [1]), he concedes that the court had accurately advised him of the applicable postrelease period before he agreed to admit the validity of his postplea arrest in exchange for a sentence to a prison term of two years to be followed by 10 years of postrelease supervision.
Egan Jr., J.P., Lynch, Clark and Mulvey, JJ., concur.
ORDERED that the judgment is affirmed.