People v Peryea (2019 NY Slip Op 00934)





People v Peryea


2019 NY Slip Op 00934


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

109470

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOHN PERYEA, Appellant.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


Aaron A. Louridas, Delmar, for appellant.
Andrew J. Wylie, District Attorney, Plattsburgh (Jeffrey C. Kehm of counsel), for respondent.



MEMORANDUM AND ORDER
Devine, J.
Appeal from a judgment of the Supreme Court (Lawliss, J.), rendered March 3, 2014 in Clinton County, convicting defendant upon his plea of guilty of the crime of predatory sexual assault against a child.
Defendant pleaded guilty to a single-count indictment charging him with predatory sexual assault against a child and waived his right to appeal. He was sentenced as a second felony offender, in accordance with the plea agreement, to a prison term of 15 years to life. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of the right to appeal is invalid. The record reflects that Supreme Court advised defendant during the plea colloquy that a waiver of the right to appeal was a condition of the plea agreement. The court explained the separate and distinct nature of the waiver of the right to appeal, which defendant acknowledged he understood. Even absent a written appeal waiver, we find that the oral colloquy was sufficient to establish that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Lopez, 6 NY3d 248, 254, 257 [2006]; People v Handly, 122 AD3d 1007, 1008 [2014]; People v Smith, 81 AD3d 1034, 1035 [2011], lv denied 16 NY3d 899 [2011]). Defendant's challenge to the factual sufficiency of the plea allocution and the severity of the agreed-upon sentence are precluded by the valid appeal waiver (see People v Sullivan, 153 AD3d 1519, 1520 [2017], lv denied 30 NY3d 1064 [2017]; People v Mahon, 148 AD3d 1303, 1304 [2017]).
Although defendant's challenges to the voluntariness of the plea and the effective assistance of his counsel — to the extent that the latter impacts the voluntariness of the plea — are not precluded by the appeal waiver, they are nevertheless unpreserved for our review as the record does not reflect that defendant made an appropriate postallocution motion (see People v Tyrell, 22 NY3d 359, 363-364 [2013]; People v Jawan, 165 AD3d 1350, 1351 [2018]). Further, [*2]the narrow exception to the preservation requirement is not implicated here as defendant made no statements during the plea allocution that "clearly cast[] significant doubt upon [his] guilt or otherwise call[ed] into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]; see People v McDonald, 165 AD3d 1327, 1328 [2018]).
Egan Jr., J.P., Lynch, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.