People v Reyes (2021 NY Slip Op 04459)





People v Reyes


2021 NY Slip Op 04459


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


562 KA 18-01874

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANGEL REYES, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (James F. Bargnesi, J.), rendered May 16, 2018. The judgment convicted defendant, upon a plea of guilty, of burglary in the third degree and criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him, upon his plea of guilty, of burglary in the third degree (Penal Law § 140.20) and criminal mischief in the fourth degree (§ 145.00 [1]), defendant contends that his waiver of the right to appeal is unenforceable and that his felony conviction should be reduced to a misdemeanor because County Court abused its discretion in refusing to allow him to continue participating in the judicial diversion program following an arrest on new felony charges. Even assuming, arguendo, that defendant's waiver of the right to appeal is unenforceable (see People v Love, 181 AD3d 1193, 1193 [4th Dept 2020]), we perceive no abuse of discretion by the court (see People v Secore, 102 AD3d 1059, 1060 [3d Dept 2013], lv denied 21 NY3d 1019 [2013]). In any event, under these circumstances, there is no legal basis for us to reduce the felony conviction to a misdemeanor, as defendant requests.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court