## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 11, 2014                105790
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                MEMORANDUM AND ORDER

DERRICK CRISCITELLO,
                    Appellant.
_____

Calendar Date:  November 19, 2014

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        Jay L. Wilber, Public Defender, Binghamton (Judy Valek of counsel), for appellant.

        Gerald F. Mollen, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered September 21, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

        Defendant waived indictment and entered a guilty plea to criminal possession of marihuana in the second degree in exchange for a sentencing promise, as an admitted second felony offender, of 2½ years in prison with two years of postrelease supervision (hereinafter PRS).  While awaiting sentencing, defendant was arrested on five counts of criminal mischief in the third degree and was remanded to jail to await sentencing.  Pursuant to the parties' understanding at the next appearance, defendant agreed

to an enhanced prison sentence of 3½ years with two years of PRS on his plea and to make restitution on the criminal mischief charges, in satisfaction of those charges and a pending burglary charge. At the next appearance on August 30, 2012, County Court (Cawley, J.) granted defendant a one-week furlough in order to get married, and warned him that the promised sentence was contingent on certain conditions governing his behavior while released. When defendant appeared for sentencing on September 6, 2012, the court remanded him to the jail for a drug test. After County Court (Smith, J.) received notice that defendant had tested positive for cannabinoids and indicated its intent to enhance the sentence, a hearing was held (see People v Outley, 80 NY2d 702, 713 [1993]). An investigator with the Broome County Sheriff's Department who conducted the test testified that defendant's urine sample tested positive on September 6, 2012. The court determined that defendant had consumed marihuana while on his furlough in violation of the stated conditions, and imposed an enhanced prison sentence of 4½ years with two years of PRS. Defendant now appeals.

Initially, we are not persuaded by defendant's contention that County Court erred in relying upon the urinalysis test results, as the investigator's testimony adequately established that proper testing procedures were followed (see People v Whalen, 1 AD3d 633, 634-635 [2003], lv denied 1 NY3d 603 [2004]). However, we find merit in defendant's argument, preserved by objection at sentencing (see People v Straight, 106 AD3d 1190, 1191 [2013]), that the People failed to establish at the enhancement hearing that he violated a condition of his furlough, as the proof did not demonstrate when he used marihuana, i.e., that it occurred during, rather than prior to, his furlough. When the court granted defendant a one-week furlough, it warned him that it would enhance his prison sentence to 4½ years if he were "charged with any criminal conduct" or "arrested for any reason" and that, "[w]hile you are out, if you engage in the use of any illegal drugs or alcohol and I find out about it" (emphasis added), the enhanced sentence would be imposed. At the hearing, while the investigator testified that defendant's test was positive for THC, he was not able to estimate the date when defendant used marihuana, and conceded that it could have been months earlier; he also recounted that defendant stated, after

being told of the positive test result, that "he had been smoking in the jail prior to his furlough" (emphasis added). Moreover, the reference guide for the test, which was admitted into evidence at the hearing, indicates that "[m]any factors influence the length of time required for drugs to be metabolized and excreted in the urine" and that the "general time" established for cannabinoids with "chronic use" is "less than 30 days typical."[1] Defendant admitted to previously being a daily, heavy user of marihuana, and testified that he did not use marihuana during his furlough.

Given the foregoing, we find that the People did not prove by a preponderance of the evidence (see People v Clough, 306 AD2d 556, 557 [2003], lv denied 100 NY2d 593 [2003]) — and the court did not have a "legitimate basis" for concluding — that defendant used marihuana during his furlough (People v Outley, 80 NY2d at 713; see People v Fiammegta, 14 NY3d 90, 96-98 [2010]; compare People v Purcelle, 107 AD3d 1050, 1051-1052 [2013]; People v Straight, 106 AD3d at 1191-1192 [2013]).[2] Further, contrary to the court's understanding, defendant was not advised, when granted a furlough, that if he "tested positive" for drugs when he returned he would receive an enhanced sentence. Accordingly, the sentence must be vacated and the matter remitted to County Court to either impose the original agreed-upon sentence or to give defendant an opportunity to withdraw his plea (see People v Tole, 119 AD3d 982, 984 [2014]; People v Becker, 80 AD3d 795, 796-797 [2011]).

Lahtinen, J.P., Rose and Devine, JJ., concur.

---

[1]  The general time listed for single use is "1-7 days."

[2]  The investigator testified that he attempted to repeat the urine test four hours later, but the controls on the test were not triggered because defendant provided a cold, non-urine sample; County Court found that this evinced defendant's consciousness of guilt. Nonetheless, this did not provide evidence of when defendant ingested marihuana.

ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court