### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  January 28, 2016                    105819
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

JEREMY JEFFERY,
                    Appellant.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        John Ferrara, Monticello, for appellant.

        James R. Farrell, District Attorney, Monticello (Hannah
Rose Prall of counsel), for respondent.

_____

Clark, J.

        Appeal from a judgment of the County Court of Sullivan
County (LaBuda, J.), rendered February 5, 2013, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a weapon in the second degree.

        After the vehicle in which defendant was a passenger was
stopped by police for a traffic infraction, a search of the
vehicle led to the discovery of, among other things, a gun and
ammunition.  Thereafter, in satisfaction of a pending indictment,
defendant pleaded guilty to criminal possession of a weapon in
the second degree and waived his right to appeal.  He was
sentenced, in accordance with the range contemplated by the plea
agreement, to a prison term of five years followed by five years
of postrelease supervision.  Defendant appeals.

Initially, we agree with defendant that the waiver of the right to appeal is not valid. A review of the record reveals that County Court did not "adequately convey that the right to appeal is separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Mones, 130 AD3d 1244, 1244 [2015] [internal quotation marks and citations omitted]). Furthermore, although defendant also executed a written waiver of the right to appeal, the record does not reflect that defendant read and understood the appeal waiver or that it was adequately explained to him prior to signing it (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Mones, 130 AD3d at 1245). As such, defendant's contentions raised on appeal are not precluded by the appeal waiver.

Turning to defendant's challenge to the presentence investigation report (hereinafter PSI), we are unpersuaded that inclusion of information about the criminal conduct of defendant's brother must be redacted from the PSI because it is irrelevant and prejudicial. Inclusion of information in a PSI regarding a defendant's family circumstances and history is permissible (see 7 NYCRR 350.6 [b] [2]). Furthermore, defendant challenged the inclusion of such information at sentencing, and there is no indication that County Court improperly attributed the brother's conduct to defendant in imposing the sentence (see generally People v Judd, 111 AD3d 1421, 1423 [2013], lv denied 23 NY3d 1039 [2014]; People v Anderson, 184 AD2d 922, 923 [1992], lv denied 80 NY2d 901 [1992]). Defendant never requested a hearing regarding the reliability or accuracy of other information in the PSI and, therefore, any claims related thereto are unpreserved (see People v Stacchini, 108 AD3d 866, 867 [2013]). Finally, contrary to defendant's contention, we do not find that the sentence imposed, which was within the parameters contemplated by the plea agreement, is harsh or excessive (see People v Brodhead, 106 AD3d 1337, 1337 [2013], lv denied 22 NY3d 1087 [2014]).

McCarthy, J.P., Egan Jr. and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court