*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 21, 2016                    106680
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

ROBERT LUNAN,
                    Appellant.
_____

Calendar Date:  May 23, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Barrett D. Mack, Albany, for appellant.

        D. Holley Carnright, District Attorney (Joan Gudesblatt
Lamb of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered February 25, 2014, convicting defendant
upon his plea of guilty of the crime of grand larceny in the
fourth degree.

        Pursuant to a negotiated plea agreement, defendant waived
indictment and pleaded guilty as charged in a superior court
information to grand larceny in the fourth degree, and his plea
included the waiver of the right to appeal.  The plea embraced
charges from both the Town of Ulster and the Town of Esopus,
specifically requiring defendant to plead guilty to the larceny
charge arising out of the Town of Esopus arrest and pay
restitution of $1,500 to the victim in the Town of Ulster.
County Court thereafter sentenced defendant as a second felony

offender to the agreed-upon prison term of 2 to 4 years. Defendant now appeals.

We affirm.  Initially, we agree with defendant that his waiver of the right to appeal was not knowingly, intelligently and voluntarily made.  The record reveals that he was not adequately informed that the right to appeal is "separate and distinct from those rights automatically forfeited upon a plea of guilty" (People v Lopez, 6 NY3d 248, 256 [2006]; see People v Bradshaw, 18 NY3d 257, 264-266 [2011]).  Moreover, although defendant executed a written waiver in open court, the court failed to engage in any discussion with defendant or his attorney as to whether defendant comprehended the waiver (see People v Bradshaw, 18 NY3d at 264-265; People v Jeffrey, 135 AD3d 1235, 1236 [2016]; People v Pope, 129 AD3d 1389, 1390 [2015]; People v Ashlaw, 126 AD3d 1236, 1237 [2015]; compare People v McCray, 139 AD3d 1235, 1236).  That said, defendant's challenges to the voluntariness of his plea are not preserved for our review, since he failed to make an appropriate postallocution motion (see People v Williams, 27 NY3d 212, 219 [2016]; People v Conceicao, 26 NY3d 375, 382 [2015]).  Further, defendant made no statements during his plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea so as to trigger the narrow exception to the preservation rule (see People v Lopez, 71 NY2d 662, 664-665 [1988]; People v Blair, 136 AD3d 1105, 1106 [2016]; People v Kormos, 126 AD3d 1039, 1040 [2015]), and reversal in the interest of justice is unwarranted. Accordingly, the judgment of conviction is affirmed.

Garry, J.P., Egan Jr., Devine and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court