◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN H. PERRY, Appellant. [50 NYS3d 594]—

Lynch, J. Appeals (1) from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered May 5, 2014, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered August 21, 2015, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant pleaded guilty to burglary in the second degree and purportedly waived his right to appeal. County Court sentenced him to seven years in prison, to be followed by five years of postrelease supervision. Defendant thereafter moved, pursuant to CPL 440.10, to vacate the judgment on the basis of ineffective assistance of counsel. County Court denied the motion without a hearing. Defendant now appeals from the judgment of conviction and, with permission, from the order denying his postconviction motion.

Initially, we agree with defendant that he did not validly waive the right to appeal. County Court did not adequately explain the separate and distinct nature of the right to appeal (*see People v Ritter*, 124 AD3d 1133, 1134 [2015]). Moreover,

although defendant also executed a written waiver, County Court did not confirm as to whether defendant understood the waiver (*see People v Bradshaw*, 18 NY3d 257, 264-266 [2011]; *People v Lunan*, 141 AD3d 947, 948 [2016], *lv denied* 28 NY3d 1125 [2016]; *People v Jeffery*, 135 AD3d 1235, 1236 [2016]; *compare People v Griffin*, 134 AD3d 1228, 1228-1229 [2015], *lv denied* 27 NY3d 1132 [2016]). As such, defendant's challenge to the severity of the sentence imposed is properly before us for review. Nonetheless, given defendant's extensive criminal history, we find no extraordinary circumstances or abuse of discretion that would require modification of the agreed-upon sentence in the interest of justice (*see People v Rabideau*, 130 AD3d 1094, 1095 [2015]; *People v Kerwin*, 117 AD3d 1097, 1098 [2014]).

Defendant also challenges the denial of his motion to vacate the judgment without a hearing, which was premised upon the claim that his plea was not knowing and voluntary as the result of ineffective assistance of counsel. His assertions that counsel pressured him into pleading guilty and failed to investigate whether defendant had entered the premises unlawfully were properly rejected. Defendant affirmed during the plea colloquy that he was not coerced into pleading guilty, that he was entering his plea voluntarily and of his own free choice and that he was satisfied with counsel's representation. Further, the record reflects that counsel made a pretrial challenge to the legal sufficiency of the evidence supporting the indictment and secured a favorable plea deal. The record also contains written statements from the victims, which state that defendant did not have permission to enter their residence. No hearing was required regarding these issues "inasmuch as defendant's arguments could properly be resolved based upon the contents of the record" and defendant's proffered affidavit in support "failed to demonstrate that the nonrecord facts sought to be established are material and would entitle him to relief" (*People v Decker*, 139 AD3d 1113, 1117 [2016] [internal quotation marks and citations omitted], *lv denied* 28 NY3d 928 [2016]; *see People v Oddy*, 144 AD3d 1322, 1324 [2016]).

We reach a different conclusion regarding defendant's claim in his CPL 440.10 motion that counsel's representation was ineffective for failing to inform him that the required element of criminal intent for burglary in the second degree (*see* Penal Law § 140.25) could be negated by the defense of intoxication. The victims' statements to police include the observations that defendant "looked high and his speech was slow" and that defendant appeared "either drunk or stoned." Additionally, his

criminal record reflects a history of alcohol-related arrests and convictions. Insofar as a defendant's knowledge that the element of intent may be negated by the potential defense of intoxication is essential to a knowing and voluntary plea (*see People v Doane*, 145 AD3d 1088, 1089 [2016]) and there is no indication that defendant was aware of the intoxication defense and knowingly waived his right to present such evidence, we are persuaded that defendant has raised an issue sufficient to require a hearing (*see People v Davey*, 91 AD3d 1033, 1034 [2012]; *People v Thomson*, 279 AD2d 644, 645 [2001]). Defendant's remaining claims have been reviewed and found to be without merit.

McCarthy, J.P., Egan Jr., Devine and Clark, JJ., concur. Ordered that the judgment is affirmed. Ordered that the order is reversed, on the law, and matter remitted to the County Court of St. Lawrence County for further proceedings not inconsistent with this Court's decision, and, as so modified, affirmed.