Garry, J.
Appeal from a judgment of the County Court of Schenectady County (Loyola, J.), rendered January 29, 2015, convicting defendant upon her plea of guilty of the crime of assault in the second degree.
*1330 In satisfaction of a seven-count indictment, defendant pleaded guilty to assault in the second degree, admitting that she had intentionally caused injuries to the victim by slashing her with a knife. Pursuant to the plea agreement, which included a waiver of appeal and required restitution, the prison sentence was capped at seven years. County Court thereafter imposed a prison sentence of four years with three years of postrelease supervision, ordered that defendant pay $400 in restitution and issued an order of protection. Defendant appeals.
Initially, defendant’s challenge to her sentence as harsh and excessive is not precluded by her waiver of appeal, as the record reflects that the waiver was not knowing, voluntary or intelligent (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Lemon, 137 AD3d 1422, 1423 [2016], lv denied 27 NY3d 1135 [2016]). To that end, County Court’s brief reference to the waiver of appeal during the plea allocution impermissibly lumped the waiver in with trial-related rights automatically forfeited by defendant’s guilty plea and the court did not ascertain, on the record, that she understood the nature of her waiver of appellate rights (see People v Bradshaw, 18 NY3d 257, 264-265 [2011]; People v Lopez, 6 NY3d at 256-257). While defendant signed a written waiver in court after reviewing it with counsel, the court made no inquiry of defendant or her counsel as to whether defendant had read the waiver, was aware of its contents or understood it (see People v Lunan, 141 AD3d 947, 948 [2016], lv denied 28 NY3d 1125 [2016]; People v Lemon, 137 AD3d at 1423; People v Jeffery, 135 AD3d 1235, 1236 [2016]). As defendant’s appreciation of the consequences of the waiver is not established on the record, it is not valid (see People v Elmer, 19 NY3d 501, 510 [2012]; People v Bradshaw, 18 NY3d at 265).
However, we are not persuaded by defendant’s argument that the sentence imposed was harsh or excessive. The sentence was appreciably less than the maximum permissible sentence for this crime (see Penal Law § 70.02 [1] [c]; [2] [b]; [3] [c]; People v Lemon, 137 AD3d at 1423). In that regard, the record reflects that County Court fully considered, among other mitigating factors, defendant’s employment history, the Probation Department’s sentencing recommendation and that this was her first criminal conviction. Given the deliberate and violent nature of defendant’s assault on the unarmed victim in her home, which caused injuries requiring surgeries and resulting in permanent damage, we do not find that the court abused its discretion or that extraordinary circumstances exist to war *1331 rant a reduction of the sentence in the interest of justice (see CPL 470.15 [4] [c]; [6] [b]; People v Brown, 123 AD3d 1298, 1299 [2014], lv denied 27 NY3d 993 [2016]).
Defendant also contends that County Court improperly ordered her to pay restitution in the amount of $400 to compensate the victim for the theft of her cell phone. This challenge to the restitution order is not preserved for our review, as defendant did not request a hearing or object at sentencing to the amount or basis for the restitution order, although notified in advance of the victim’s request for such restitution (see People v Horne, 97 NY2d 404, 414 n 3 [2002]; People v Hakkenberg, 142 AD3d 1251, 1252 [2016], lv denied 28 NY3d 1072 [2016]). In any event, contrary to defendant’s claim, restitution was a condition of the plea agreement in an amount to be determined and was not limited to unreimbursed medical expenses. Further, defendant expressly stated at sentencing that she was willing to pay the victim’s requested restitution. Defendant’s remaining claims lack merit.
McCarthy, J.P., Egan Jr., Rose and Mulvey, JJ., concur.
Ordered that the judgment is affirmed.