People v Ulmer (2018 NY Slip Op 02510)





People v Ulmer


2018 NY Slip Op 02510


Decided on April 12, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 12, 2018

108672

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
DANIEL N. ULMER, Appellant.

Calendar Date: March 02, 2018

Before: Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Linda M. Campbell, Syracuse, for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen D. Ferri of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered July 25, 2016, which revoked defendant's probation and imposed a sentence of imprisonment.
Defendant waived indictment and was charged in a superior court information with burglary in the second degree arising from a break-in at the home of his aunt and uncle and the theft of two flat screen television sets. In satisfaction thereof and of other outstanding charges, he pleaded guilty to attempted burglary in the second degree and was sentenced to a five-year period of probation. One of the conditions of his probation was that he pay restitution in the amount of $7,284,32 to his aunt and uncle. Defendant subsequently violated the conditions of his probation, but ultimately admitted to one probation violation that resulted in the revocation of his probation. In exchange for his admission, he was to be resentenced on the attempted
burglary conviction to two years in prison followed by three years of postrelease supervision. County Court granted defendant a brief furlough prior to sentencing, but specifically advised him, among other things, that if he tested positive for drugs or failed to appear for sentencing, he would be resentenced to an enhanced sentence of four years in prison followed by three years of postrelease supervision. Defendant failed to appear for sentencing because he was hospitalized due to a drug overdose. Consequently, County Court imposed the enhanced sentence and also issued a restitution order directing defendant to pay $722.20 to an individual who was neither defendant's aunt nor uncle. Defendant now appeals.
Defendant contends, as he did at sentencing, that County Court abused its discretion in imposing the enhanced sentence in light of his drug addiction and attempt to commit suicide by [*2]overdosing while on furlough. We are not persuaded, as defendant was directly warned of the consequences of using drugs while on furlough, as well as of failing to appear for sentencing, and it is undisputed that he violated these conditions (see People v Straight, 106 AD3d 1190, 1191-1192 [2013]; compare People v Criscitello, 123 AD3d 1235, 1236-1237 [2014]). Given his many prior convictions and probation violations, we do not find any extraordinary circumstances or an abuse of discretion warranting a reduction of the enhanced sentence in the interest of justice, notwithstanding his drug addiction and most unfortunate suicide attempt (see People v Paneto, 112 AD3d 1230, 1231-1232 [2013], lv denied 23 NY3d 1023 [2014]; People v Potter, 54 AD3d 444, 445 [2008]; People v Walker, 30 AD3d 823, 824 [2006]).
Defendant further contends that County Court erroneously directed him to pay restitution to an individual who was not a victim of the crime to which he pleaded guilty. Although this claim is also unpreserved due to defendant's failure to request a hearing or raise an objection at sentencing (see People v Wright, 154 AD3d 1015, 1016 [2017], lv denied 30 NY3d 1065 [2017]; People v Davis, 150 AD3d 1329, 1330 [2017]), we nevertheless exercise our discretion to take corrective action in the interest of justice under the circumstances presented (see People v Grumberg, 153 AD3d 1525, 1527 [2017]; People v Nesbitt, 144 AD3d 1329, 1329-1330 [2016]). Clearly, the individual to whom restitution was awarded was not defendant's aunt or uncle or a victim of the attempted burglary. The People, however, point out that the restitution provisions of Penal Law § 60.27 extend to any offense "that is contained in any other accusatory instrument disposed of by any plea of guilty by the defendant to an offense" (Penal Law § 60.27 [4] [a]). They assert that the restitution order related to the victim of a previous felony conviction for which defendant received a conditional discharge and that the disposition of the probation violation encompassed any potential violation of the conditional discharge. The record, however, does not support this conclusion. The details of the conditional discharge, the subject felony and the victim were not disclosed during the proceedings in which defendant admitted to the probation violation. Furthermore, there was no mention of any restitution to be paid to this victim. In view of the foregoing, restitution should not have been ordered to be paid to this victim in connection with the disposition of the probation violation (see People v Gardner, 129 AD3d 1386, 1388 [2015]; People v McLean, 59 AD3d 859 [2009]).
Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as ordered restitution, and, as so modified, affirmed.