People v Blanford (2020 NY Slip Op 00646)





People v Blanford


2020 NY Slip Op 00646


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

109630 110543

[*1]The People of the State of New York, Respondent,
v
Stephen R. Blanford, Appellant.

Calendar Date: January 15, 2020

Before: Lynch, J.P., Clark, Devine, Pritzker and Colangelo, JJ.


Christopher Hammond, Cooperstown, for appellant, and appellant pro se.



Devine, J.
Appeals (1) from a judgment of the County Court of Broome County (Dooley, J.), rendered July 11, 2017, convicting defendant upon his pleas of guilty of the crimes of criminal possession of a controlled substance in the third degree (three counts), criminal possession of a controlled substance in the seventh degree and aggravated unlicensed operation of a motor vehicle in the first degree, and (2) by permission, from an order of said court, entered January 11, 2018, which denied defendant's motions pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction, without a hearing.
Defendant was charged in an indictment filed on June 10, 2016, later amended (hereinafter the first indictment), with criminal possession of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree. Defendant was thereafter charged in a second indictment with aggravated unlicensed operation of a motor vehicle in the first degree and other crimes.[FN1] In September 2016, defendant pleaded guilty to all counts in the first indictment in exchange for a commitment by County Court to cap his sentence at two years in prison with one year of postrelease supervision; defendant thereafter remained free on bail pending sentencing. In November 2016, defendant pleaded guilty to aggravated unlicensed operation of a motor vehicle in the first degree under count 3 of the second indictment in satisfaction of all charges therein and, in exchange, was promised a conditional discharge for three years; he remained on bail pending sentencing. On the day scheduled for sentencing on both indictments in December 2016, the court adjourned sentencing to permit defendant to complete outpatient substance abuse treatment. At the next appearance two months later, defense counsel disclosed that defendant had relapsed, and the court remanded defendant to jail. At the following appearance, defense counsel requested a furlough to enable defendant to handle a property matter prior to sentencing and, in response, the court requested additional information and adjourned the matter for two weeks without ruling on the request.
On June 21, 2017,[FN2] County Court granted defendant a furlough from 9:00 a.m. until 3:00 p.m. that day, although any proceedings were off the record. At the next appearance on July 11, 2017, the court placed on the record that, upon return from his furlough, defendant tested positive for opioids and methamphetamine and indicated its intent to impose an enhanced sentence. Defendant made several pro se objections and orally moved to withdraw his guilty plea,[FN3] which the court denied. With regard to the first indictment, the court imposed enhanced concurrent prison sentences of 3½ years followed by two years of postrelease supervision on each conviction of criminal possession of a controlled substance in the third degree, to be served as parole supervision to include a three-month stay at the Willard drug treatment program followed by six months in a residential treatment facility (see CPL 410.91), and to a lesser one-year jail term on the remaining conviction. With regard to the second indictment, the court imposed time served with a fine and an unconditional discharge. Defendant moved to vacate the judgment and sentence pursuant to CPL 440.10 and 440.20, which the court denied in a written decision, without a hearing. Defendant appeals from the judgment of conviction and, by permission, from the order denying his CPL article 440 motion.[FN4]
Initially, defendant argues in his pro se brief that County Court erred in summarily denying his motion to suppress the physical evidence, i.e., heroin and methamphetamine, found on his person following his arrest on a bench warrant.[FN5] "'It is fundamental that a motion [to suppress] may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue'" (People v Mendoza, 82 NY2d 415, 426 [1993], quoting People v Gruden, 42 NY2d 214, 215 [1977]). "[H]earings on suppression motions are not automatic or generally available for the asking by boilerplate allegations" (People v Burton, 6 NY3d 584, 587 [2006] [internal quotation marks and citation omitted]). In his affidavit in support of the motion, defense counsel acknowledged that defendant had been arrested by police at home pursuant to a bench warrant,[FN6] the validity of which was not substantively challenged, and that defendant was searched and the evidence seized upon his being taken into police custody. While defense counsel conclusorily alleged that police lacked a "valid warrant," he made no factual allegations to support that claim (see CPL 710.60 [1]; People v Mendoza, 82 NY2d at 426-427). Given that a search of defendant's person incident to a lawful arrest on a bench warrant is permitted (see People v Martin, 156 AD3d 956, 959 [2017], lv denied 31 NY3d 985 [2018]; People v Gresham, 151 AD3d 1175, 1177 [2017]), County Court properly summarily denied the motion as "the sworn allegations of fact d[id] not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]) and failed to "allege a ground constituting [a] legal basis for the motion" (CPL 710.60 [3] [a]; see People v Burton, 6 NY3d at 587).
Additionally, County Court fully considered defendant's request for judicial diversion and the evaluation submitted with that request, which the People opposed. In its discretion (see CPL 216.05 [1]), the court determined based on the submissions that, although he is an "eligible defendant" (CPL 216.00 [1]), ordering another evaluation was not warranted and defendant would not be an appropriate candidate for judicial diversion (see CPL 216.05 [1]; People v Conley, 161 AD3d 1486, 1487 [2018]). We find no abuse of discretion in this regard (see People v McKoy, 175 AD3d 1616, 1617-1618 [2019], lvs denied 34 NY3d 1016, 1018 [2019]; People v Conley, 161 AD3d at 1487; People v Clarke, 155 AD3d 1242, 1243-1244 [2017], lv denied 30 NY3d 1114 [2018]; cf. People v Cora, 135 AD3d 987, 988-989 [2016]).[FN7]
Next, defendant's pro se challenge to his guilty plea as not knowing, voluntary and intelligent was preserved by his unsuccessful pro se motion to withdraw his guilty plea, to the extent that the motion was premised upon a claim of coercion and ineffective assistance of counsel (see People v Wiggins, 176 AD3d 1255, 1256 [2019]). With regard to defendant's direct appeal, his claims are contradicted by the record, which reflects that he was clearly advised of the plea terms, indicated that he had adequate time to confer with counsel and was satisfied with his representation and was permitted to confer with counsel prior to the allocution. Defendant stated during the allocution that he was voluntarily entering a guilty plea and that he was not forced or compelled by anyone to do so, and then admitted that he had engaged in conduct constituting the crimes at issue and made no statement inconsistent with the voluntariness of his guilty plea. In view of the foregoing, the pressure to which defendant now contends he was subjected "amounts to nothing more than the type of situational coercion faced by many defendants who are offered a plea deal," which did not render his plea involuntary (People v Mastro, 174 AD3d 1232, 1233 [2019] [internal quotation marks and citation omitted]). His claim to being coerced is belied by the record (see People v Torres, 165 AD3d 1325, 1326 [2018], lv denied 32 NY3d 1210 [2019]). Defendant's claims of ineffective assistance of counsel — and their impact upon the voluntariness of his guilty plea — concern matters both within and outside of the record on direct appeal and, thus, they will be jointly discussed in the context of his appeal from the denial of his motion to vacate the judgment (see People v Taylor, 156 AD3d 86, 91-92 [2017], lv denied 30 NY3d 1120 [2018]). Defendant's further pro se challenge to the sufficiency of the evidence presented to the grand jury was waived by his valid guilty plea (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Thacker, 173 AD3d 1360, 1361 [2019], lv denied 34 NY3d 938 [2019]).
To the extent that defendant's pro se complaints to County Court regarding defense counsel prior to sentencing could be interpreted as a request for substitute counsel, he failed to demonstrate good cause for such substitution and we discern no abuse of discretion in the court's inquiry and implicit denial of this request (see People v Porto, 16 NY3d 93, 99-100 [2010]; People v Linares, 2 NY3d 507, 510 [2004]; People v Lanier, 158 AD3d 895, 896-897 [2018]). To that end, defense counsel had no obligation to join defendant's pro se motions, and counsel's nonjoinder did not require assignment of substitute counsel (see People v Arnold, 102 AD3d 1061, 1062 [2013]).
Defendant further contends that County Court erred in imposing enhanced sentences, as he was never warned that testing positive for drugs could result in an enhanced sentence.[FN8] We agree. When County Court indicated that it intended to impose an enhanced sentence based upon defendant testing positive "for opiates and methamphetamines" upon his return from the furlough,[FN9] defense counsel did not object, apparently conceding that the court had already determined to enhance the sentence in an off-the-record conference.[FN10] However, when provided with an opportunity to address the court, defendant registered several objections and asserted that he had not violated "any written condition or any condition on record," raised a due process objection and moved to withdraw his guilty plea. Under these circumstances, we find that defendant sufficiently preserved this issue for our review (see People v Smith, 162 AD3d 1408, 1408 [2018]; People v Criscitello, 123 AD3d 1235, 1236 [2014]).
Turning to the merits, "[a] court may not impose an enhanced sentence unless, as is relevant here, it has informed the defendant of specific conditions that the defendant must abide by or risk such enhancement" (People v Lester, 141 AD3d 951, 953-954 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 1185 [2017]; see People v Rushlow, 137 AD3d 1482, 1483 [2016]). A review of the transcript of all of the proceedings, including those at which defendant entered his guilty pleas, reflects that, although he received warnings that certain conduct could result in an enhanced sentence of up to nine years on the first indictment, he was never advised that a positive drug test could result in an enhanced sentence. Given that the furlough was granted off-the-record, the record before us does not disclose what, if any, warnings were provided to defendant prior to his release on furlough (cf. People v Ulmer, 160 AD3d 1138, 1139 [2018]). Moreover, when defendant objected to the enhanced sentence, the court did not advise him of the right to a hearing to contest the alleged violation (see People v Albergotti, 17 NY3d 748, 750 [2011]; People v Outley, 80 NY2d 702, 713 [1993]), and the record does not contain the positive drug test results, the testing date or any evidence as to when defendant consumed these drugs so as to establish that it occurred during the six-hour furlough (see People v Criscitello, 123 AD3d at 1237). Accordingly, the sentences imposed upon the first indictment must be vacated and the matter remitted to County Court to either impose the original agreed-upon sentences or to give defendant an opportunity to withdraw his guilty plea to that indictment (see id.; see also People v Rushlow, 137 AD3d at 1483-1484). Given this conclusion, we need not address defendant's challenge to the sentences imposed for his convictions under the first indictment as harsh and excessive, and his arguments raised on his appeal from the denial of his CPL 440.20 motion to set aside the sentence based upon the improper enhancement have been rendered academic (see CPL 440.20 [2]; 440.40 [2]; People v Driscoll, 176 AD3d 1259, 1260 [2019]. We have considered defendant's remaining contentions raised on his direct appeal and determined that they lack merit.
With regard to defendant's claims of ineffective assistance of counsel involving both record and nonrecord facts, (see CPL 440.10 [1] [h]), we reject his contention that County Court erred in denying his CPL 440.10 motion without a hearing (see CPL 440.30 [4] [d]). "To demonstrate the existence of questions of fact requiring a hearing, a defendant is obliged to show that the nonrecord facts sought to be established are material and would entitle him or her to relief" (People v Hunter, 175 AD3d 1601, 1603 [2019] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Dec. 10, 2019]). We have reviewed defendant's allegations and find that, even if credited, they do not, individually or collectively, demonstrate that he was denied meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Sparbanie, 158 AD3d 942, 944-945 [2018], lv denied 31 NY3d 1087 [2018]). Moreover, he has not shown that counsel's alleged preplea deficiencies had any impact upon his valid guilty plea (see CPL 440.30 [4] [a]). Defendant's conclusory allegations, unsupported by any other affidavit or evidence, that he was coerced into pleading guilty and not given adequate time to consider the plea offer are belied by the transcript of the plea colloquy, which reflects that he assured the court that he had adequate time to confer with counsel and was not pressured into entering a guilty plea (see CPL 440.30 [1] [a]; [4] [d]). Likewise, defendant's claim, otherwise unsupported, that counsel knew that he only possessed the drugs for his own use and did not intend to sell them — an indirect challenge to his valid guilty plea — is contradicted by the plea allocution, in which he admitted possessing the drugs with intent to sell them after an explanation from counsel and County Court as to the meaning of "sell" (see CPL 440.30 [4] [d]). His further contention that counsel never advised him of his eligibility for judicial diversion, a claim he raised in moving to withdraw his guilty plea, is not credible, as counsel specifically referred to that application in his presence, on the record, and later made reference to the court's decision thereon prior to the plea allocution; in addition, the court later referenced the matter in addressing defendant.
With regard to counsel's asserted failure to object to the sentence enhancement, the record reflects that, prior to sentencing, the case was conferenced off-the-record, at which time County Court reportedly advised counsel that it intended to enhance the sentence. Although counsel should have made a record of what occurred at that conference, we have no basis upon which to conclude that counsel failed to register an objection to the enhancement at that conference; no affidavit from counsel has been provided nor any explanation given of that omission or the efforts to obtain an affidavit. In view of the foregoing, "[n]o hearing was required regarding these issues inasmuch as defendant's arguments could properly be resolved based upon the contents of the record and defendant's proffered affidavit in support failed to demonstrate that the nonrecord facts sought to be established are material and would entitle him to relief" (People v Perry, 148 AD3d 1423, 1424 [2017] [internal quotation marks and citations omitted]). Defendant's remaining claims, to the extent not addressed, have been considered and found to be without merit.
Lynch, J.P., Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentences imposed upon defendant's convictions of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree under counts 1, 2, 3 and 4 of indictment No. 16-276; matter remitted to the County Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: The second indictment does not appear in the record on appeal.

Footnote 2: The furlough date is derived from County Court's written decision and order entered January 11, 2018 denying defendant's motion to vacate the judgment.

Footnote 3: The record is not clear if defendant was moving to withdraw his guilty plea as to both indictments or only with regard to the first indictment.

Footnote 4: Defendant expressly abandons any arguments relating to his conviction of aggravated unlicensed operation of a motor vehicle in the first degree under the second indictment.

Footnote 5: County Court's "Decision and Order" filed September 22, 2016, which addressed defendant's suppression motions and application for judicial diversion, among other things, was not included in the stipulated record on appeal. It was obtained by this Court from the County Court Clerk's Office in Broome County, on notice to the parties, and is being considered as a part of the record on appeal.

Footnote 6: The People submitted the bench warrant as an attachment to their affidavit opposing defendant's motion to suppress the evidence, although this exhibit was omitted from the record on appeal.

Footnote 7: Given that County Court declined to order a substance abuse evaluation under CPL 216.05 (1), it was not required to refer the application to the superior court for drug treatment or for drug treatment court under the Rules of the Chief Administrator of the Courts (22 NYCRR) § 143.2 (c); see Judiciary Law § 212 [2] [r]; People v Lee, 158 AD3d 982, 983 [2018]).

Footnote 8: Although defendant has reportedly completed his parole supervision at Willard, he remains under parole supervision and, accordingly, his challenge to the enhanced sentences is not moot (see People v Pixley, 150 AD3d 1555, 1557 n 2 [2017], lv denied 30 NY3d 952 [2017]).

Footnote 9: Defendant's contentions regarding the legality of requiring him to submit to a drug test upon his return from the furlough is raised for the first time on appeal and, as such, is not preserved for our review (see People v Johnson, 172 AD3d 1628, 1633 [2019], lv denied 34 NY3d 951 [2019]).

Footnote 10: After County Court first mentioned its intent to enhance the sentence due to defendant's positive drug tests, it also stated that "your sentence had already been enhanced." The court stated that the original promised sentencing cap — two years with one year of postrelease supervision — "had already been enhanced" to three years in prison with two years of postrelease supervision, a fact not reflected in any transcript of the proceedings. The court then stated that it had told defense counsel "in conference" that it intended "to increase that to [3½] years," apparently based upon the positive drug test following the furlough. It is not clear from the transcript whether defense counsel registered an objection at the off-the-record conference or requested a hearing on the alleged violation, or whether defendant was present at that conference.