People v Marcus (2020 NY Slip Op 03337)





People v Marcus


2020 NY Slip Op 03337


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


526 KA 18-01171

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SHANNON MARCUS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KATHY E. MANLEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DARIENN P. BALIN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered January 4, 2018. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a plea of guilty, of criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09 [1]). At the plea hearing, County Court warned defendant that if she was arrested before sentencing, it would not be bound by the promised sentence and could impose an enhanced sentence. Defendant was subsequently arrested before sentencing. The court found that the arrest had a legitimate basis, and it imposed an enhanced sentence.
On appeal, defendant argues that the enhanced sentence was improper because the conduct underlying her post-plea arrest purportedly occurred before the plea. Preliminarily, we agree with defendant that she did not validly waive her right to appeal (see People v Thomas, 34 NY3d 545, 562-563 [2019]). Moreover, contrary to the People's assertion, defendant's argument is preserved for appellate review. Indeed, defendant repeatedly advanced her current argument to the sentencing court in opposition to an enhanced sentence.
We reject defendant's argument on the merits, however. A sentencing court's power to impose an enhanced sentence for violating a no-arrest condition turns on two questions: first, "whether a defendant subject to th[at] condition[] was arrested" after the plea (People v Parker, 271 AD2d 63, 69 [4th Dept 2000], lv denied 95 NY2d 967 [2000] [emphasis added]), and second, whether there was a "legitimate basis" for that arrest (People v Outley, 80 NY2d 707, 713 [1993]). As defendant acknowledges, the answer to both of those questions in this case is yes. The enhanced sentence is thus legally permissible, irrespective of whether the conduct underlying the arrest occurred before or after the plea. Defendant cites no authority for the proposition that a legitimate arrest cannot ever serve as the basis for an enhanced sentence if the conduct underlying the arrest occurred before the plea.
Defendant's reliance on People v Criscitello (123 AD3d 1235 [3d Dept 2014]) is unavailing. In that case, the defendant was subject to enhanced sentencing only if, insofar as relevant here, he used drugs at any point between the plea and sentencing (id. at 1236-1237). Notably, the "defendant was not advised, when granted a furlough [after pleading guilty], that if he tested positive' for drugs when he returned he would receive an enhanced sentence" (id. at 1237). Thus, although the defendant tested positive for drugs on the sentencing date, the imposition of an enhanced sentence was nevertheless improper because the test could not pinpoint whether he had used drugs before or after the plea (id. at 1237). Unlike Criscitello, however, defendant's exposure to enhanced sentencing in this case was not defined exclusively [*2]by her post-plea conduct. Rather, defendant was subject to enhanced sentencing if she was legitimately arrested after the plea, without regard to whether the conduct underlying that arrest occurred before or after the plea.
Finally, the enhanced sentence is not unduly harsh or severe.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court