People v Nedd (2024 NY Slip Op 04101)

People v Nedd

2024 NY Slip Op 04101

Decided on August 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 1, 2024

112966
[*1]The People of the State of New York, Respondent,
v
Kevoan Nedd, Appellant.

Calendar Date:June 14, 2024

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ.

Jane M. Bloom, Monticello, for appellant.
Brian P. Conaty, District Attorney, Monticello (Danielle K. Blackaby of counsel), for respondent.

Appeal from a judgment of the County Court of Sullivan County (E. Danielle Jose-Decker, J.), rendered May 14, 2021, convicting defendant upon his plea of guilty of the crime of assault in the second degree (two counts).
In satisfaction of a multicount indictment, defendant pleaded guilty to two counts of assault in the second degree and agreed to waive his right to appeal. Defendant was sentenced in accordance with the terms of the plea agreement to concurrent prison terms of 4½ years followed by three years of postrelease supervision. Defendant appeals.
We affirm. Initially, the People concede, and our review of the record confirms, that the oral colloquy and written appeal waiver were overly broad in purporting to completely bar appellate and collateral review in state and federal court, as neither conveyed to defendant that some appellate review and other postjudgment relief survive such waiver (see People v Collins, 226 AD3d 1257, 1258 [3d Dept 2024]; People v Bermudez, 217 AD3d 1261, 1262-1263 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v Hilliard, 214 AD3d 1259, 1260 [3d Dept 2023], lv denied 40 NY3d 929 [2023]). As such, defendant's waiver of his right to appeal is invalid and his challenge to the severity of the sentence is, therefore, not foreclosed (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Collins, 226 AD3d at 1258).
That said, we are unpersuaded that the sentence imposed is unduly harsh or severe. The agreed-upon sentence was considerably less than the potential seven-year statutory maximum sentence that could have been imposed on each count and which could have run consecutively (see Penal Law § 70.02 [1] [c]; [2] [b]; [3] [c]; People v Davis, 150 AD3d 1329, 1330 [3d Dept 2017]). Although defendant was not the initial aggressor in the altercation, the record reflects that defendant, after the victims were no longer a threat, used his shoes as a dangerous weapon to stomp on the victims causing serious physical injuries — including a skull fracture to one victim. Under these circumstances, we do not find that the sentence is harsh or severe (see CPL 470.15 [6] [b]), and we decline to modify the sentence in the interest of justice.
Egan Jr., J.P., Clark, Aarons, Ceresia and McShan, JJ., concur.
ORDERED that the judgment is affirmed.